MR. JUSTICE MORRISON
dissenting:
I concur with the remarks made by Justice Sheehy respecting our power to review. In this case the plaintiff, in the motion for new trial, sufficiently specified statutory grounds which permit us to treat the real error in this case.
The error committed by the trial court was in giving court’s instruction No. 18 on mitigation of damage without giving an accompanying instruction which would prohibit the jury from considering failure to mitigate as part of the liability negligence assessed in the special interrogatory.
Any conduct of the plaintiff in failing to mitigate damages can only reduce the amount of damages to be recovered. Such failure on the part of the plaintiff can never be considered in the liability part of the case. Here the trial court erred because the trial court permitted the jury to use plaintiff’s apparent failure to mitigate as part of plaintiff’s negligence under the comparative negligence statute. In the special verdict answer to “question No. 4” the jury found the plaintiff to be guilty of 85% of the total negligence. Under the court’s instructions, the jury was permitted to include, within the 85% assignment, conduct of the plaintiff in failing to mitigate damages. This, of course, was error.
I agree with the majority that a jury verdict cannot be impeached by way of affidavit, as was done here. The trial court granted a new trial for the wrong reason. However, there is clear error in record which justifies the granting of a new trial. Therefore, I would affirm the trial court’s action and remand for proceedings in conformity with this dissent.